### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT STRATTON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **BRIAN COLEMAN, et al.** | : | **NO.  11-7860** |

### REPORT AND RECOMMENDATION

**L. FELIPE RESTREPO**                                                    **JANUARY 31, 2012**
**UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Robert Stratton pursuant to 28 U.S.C. § 2254.  Petitioner is currently incarcerated at the State Correctional Institution in LaBelle, Pennsylvania (SCI-Fayette).  For the reasons which follow, the habeas petition should be dismissed as time-barred.

### 1.   PROCEDURAL HISTORY

On April 26, 1996, following a jury trial in the Philadelphia Court of Common Pleas, petitioner was convicted of four (4) counts of robbery, two (2) counts of possession of an instrument of crime, and one (1) count of criminal conspiracy.  See Commonwealth v. Stratton, No. 142 EDA 2010, Mem. Op. at 1 (Pa. Super. filed Sept. 10, 2010).  Petitioner was sentenced on June 6, 1996 to an aggregate term of seven and a half (7 ½ ) to twenty (20) years in prison.  Id.

On October 13, 1998, petitioner was granted the right to file a direct appeal nunc pro tunc.  Id.  On December 2, 1999, the Superior Court of Pennsylvania affirmed petitioner's judgment of sentence, and on August 23, 2000, Pennsylvania's Supreme Court denied allowance

of appeal.  Id. at 1-2; see Commonwealth v. Stratton, 750 A.2d 377 (Pa. Super. 1999), allocatur

denied, 760 A.2d 853 (Pa. 2000).

On September 7, 2001, petitioner filed his first petition under Pennsylvania's Post

Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-46, and counsel was appointed.  See Pa.

Super. Ct. Op. 9/10/10, at 2.  Thereafter, PCRA counsel filed a petition to withdraw and a "no-

merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and

Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).  The Common Pleas Court

denied the PCRA petition, and permitted PCRA counsel to withdraw.  See Pa. Super. Ct. Op.

9/10/10, at 2.  The Superior Court subsequently dismissed petitioner's appeal on August 1, 2007

for failure to file an appellate brief.  Id.

Petitioner filed a second PCRA petition on April 25, 2008.  Id.  The petition sought,

among other things, reinstatement of his right to appeal the dismissal of his first PCRA petition.

Id.  On December 19, 2009, the Common Pleas Court dismissed the second PCRA petition as

untimely, and petitioner appealed to the Superior Court.  Id. at 1-3.  By Memorandum Opinion

filed September 10, 2010, the Superior Court affirmed the dismissal of the second PCRA

petition, finding that the petition was "patently untimely," id. at 4, 6.  On May 17, 2011, the

Supreme Court of Pennsylvania denied allowance of appeal.  See Commonwealth v. Stratton, 13

A.2d 979 (Pa. Super. Sept. 10, 2010) (table), allocatur denied, 21 A.2d 1193 (Pa. May 17, 2011)

(table).

On November 21, 2011, the Clerk of Court of the United States District Court for the

Western District of Pennsylvania received Stratton's federal habeas petition, and by Order filed

December 23, 2011, the habeas petition was transferred to this Court.  On January 11, 2012, the

Philadelphia District Attorney ("respondent") filed a Response to the habeas petition arguing that the petition should be dismissed as time-barred.  See Resp. to Hab. Pet. at 4-9.

## 2.   DISCUSSION

Title 28 U.S.C. § 2244 imposes a 1-year period of limitation on applications for writs of habeas corpus by persons in state custody.  See 28 U.S.C. § 2244(d)(1).  Pursuant to the habeas statute, the limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  Here, in that the statutory exceptions to the general rule do not apply, see § 2244(d)(1)(B)-(D), the 1-year period of limitation began to run when the judgment of conviction became final, id. § 2244(d)(1)(A).

The judgment of conviction became final in this case on November 21, 2000, when the time for seeking certiorari review in the U.S. Supreme Court on direct appeal expired.[1]  See

---

1. Stratton's petition for allowance of appeal on direct appeal was denied by the Supreme Court of Pennsylvania on Aug. 23, 2000.  See Commonwealth v. Stratton, 760 A.2d 853 (Pa. Aug. 23,

Kapral, 166 F.3d at 576 (holding that on direct review the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, petitioner had one year after that date, see Sweger v. Chesney, 294 F.3d 506, 513 (3d Cir. 2002), cert. denied, 123 S. Ct. 1902 (2003), plus any time during which the period of limitation was tolled, to file a § 2254 petition. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Swartz v. Meyers, 204 F.3d 417, 419-20 (3d Cir. 2000); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

"The statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception." Merritt, 326 F.3d at 161 (citing Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999)); see Holland v. Florida, 130 S. Ct. 2549, 2560 (3d Cir. 2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases."). With respect to statutory tolling, § 2244(d)(2) provides in relevant part that "[t]he time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

Thus, under the habeas statute, the time during which Stratton's first PCRA petition was pending in the Pennsylvania courts should not be counted in calculating the period of limitation. See § 2244(d)(2); see, e.g., Swartz, 204 F.3d at 420. His first PCRA petition was filed on

---

2000) (table). Pursuant to Supreme Court Rule 13, he had 90 days after that date, or until Nov. 21, 2000, to petition for certiorari review in the U.S. Supreme Court. See Kapral v. United States, 166 F.3d 565, 571 n.3 (3d Cir. 1999).

September 7, 2001.  See Pa. Super. Ct. Op. filed 9/10/10, at 2.  Therefore, the period of limitation

was tolled from September 7, 2001 until August 31, 2007, when the time for seeking allowance

of appeal in Pennsylvania's Supreme Court expired.[2]  See Pa. R. App. P. 1113(a) (providing 30

days to petition for allowance of appeal).

However, since the period of limitation had started running on November 21, 2000, when

the judgment of conviction became final in this case, 290 days - more than 9 ½ months - of the

1-year period of limitation had already elapsed by the time Stratton filed his first PCRA petition

on September 7, 2001.  See, e.g., Burns, 134 F.3d at 111.  Consequently, when the period of

limitation began running again on August 31, 2007, petitioner had seventy-five (75) days

remaining - or until November 14, 2007 - to file his § 2254 petition.  See Swartz, 204 F.3d at

419-20; Miller v. N.J. Dep't of Corrections, 145 F.3d 616, 617-18 (3d Cir. 1998).

Stratton did not file his § 2254 petition until, **at the earliest**, November 16, 2011,[3] more

than **four years** *after* the 1-year period of limitation *expired*.  Since he failed to file his § 2254

petition within the 1-year period of limitation, absent equitable tolling, the habeas petition was

not timely filed.  See Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.

Stratton's second PCRA petition had no tolling effect under § 2244(d)(2) for two separate

reasons: (1) the PCRA petition was filed after the 1-year period of limitation had already expired;

---

2.  As explained, the Superior Court dismissed petitioner's appeal on Aug. 1, 2007.  See Pa.
Super. Ct. Op. 9/10/10, at 2.  Stratton had 30 days thereafter to file a petition for allowance of
appeal in Pennsylvania's Supreme Court.  See Pa. R. App. P. 1113(a)(1).

3.  In Burns, 134 F.3d at 113, the Court of Appeals for the Third Circuit held that a pro se
prisoner's federal habeas petition is deemed filed at the moment he delivers it to prison officials
for mailing to the district court.  Here, Stratton signed his habeas petition on Nov. 16, 2011.  See
Hab. Pet. at 16.  Therefore, he could not have delivered the petition any earlier than that date.

and (2) it was not properly filed and would not have tolled the limitations period in any event.

As explained, the 1-year limitations period ended November 14, 2007.  However, Stratton did

not file his second PCRA petition until April 25, 2008, see Pa. Super. Ct. Op. 9/10/10, at 2, **more

than five months** *after* the limitations period *expired*.  See, e.g., Merritt, 326 F.3d at 161; Burns,

134 F.3d at 111.  Thus, the second PCRA petition could have no tolling effect under §

2244(d)(2).  See, e.g., Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (period of

limitation for habeas petitions not tolled by state post-conviction petitions filed after the

expiration of the limitation period), cert. denied, 535 U.S. 1034 (2002); Lomazoff v. Walters,

1999 WL 744331, *3 (E.D. Pa. Sep. 23, 1999) (observing that state petitions filed after the

expiration of the 1-year period of limitation could have no tolling effect).

Moreover, even assuming arguendo that the second PCRA petition had been filed prior to

the expiration of the limitations period, Stratton's second PCRA petition would **still have no

tolling effect** since that petition was not "properly filed" for purposes of § 2244(d)(2).  In Pace v.

DiGuglielmo, 125 S. Ct. 1807 (2005), the Supreme Court held: "When a postconviction petition

is untimely under state law **'that [is] the end of the matter'** for purposes of § 2244(d)(2)."  Id. at

1812 (emphasis added).  The Supreme Court further held that "[b]ecause the state court rejected

petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to

statutory tolling under § 2244(d)(2)."  Id. at 1814; see also Merritt, 326 F.3d at 165 (holding that

the Court was "bound by the state court's finding that [the petitioner's] second PCRA petition

was untimely"); Brown v. Shannon, 322 F.3d 768, 775 n.5 (3d Cir. 2003) (observing that a

PCRA petition which was found by the Pennsylvania courts as untimely filed may not be deemed

"properly filed" within the meaning of § 2244(d)(2)), cert. denied, 539 U.S. 948 (2003).

In this case, the Pennsylvania courts found that Stratton's second PCRA petition was "patently untimely" under Pennsylvania law, see Pa. Super. Ct. Op. 9/10/10, at 4, 6.  Therefore, that PCRA petition did **not** toll the applicable period of limitation.  See Pace, 125 S. Ct. at 1814; Merritt, 326 F.3d at 166; Brown, 322 F.3d at 775 n.5.

Since Stratton failed to file his § 2254 petition within the 1-year period of limitation, absent equitable tolling, the habeas petition was not timely filed.  See Miller, 145 F.3d at 617-18. A petitioner "'is entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights **diligently**, and (2) that some **extraordinary circumstance** stood in his way' and **prevented** timely filing."  Holland, 130 S. Ct. at 2562 (citing Pace, 125 S. Ct. at 1814) (emphases added); see also Lawrence v. Florida, 127 S. Ct. 327, 1085 (2007) (quoting Pace, 125 S. Ct. at 1814) (observing that a litigant seeking equitable tolling bears the burden of establishing "that he has been pursuing his rights diligently" **and** that "some extraordinary circumstance stood in his way") (emphasis added); Merritt, 326 F.3d at 168 (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)).

"The law is clear that courts must be **sparing** in their use of equitable tolling."  See Jones, 195 F.3d at 159 (quoting  Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999)) (emphasis added).  Lack of understanding or knowledge of the law is not an appropriate basis to invoke equitable tolling, see Jones, 195 F.3d at 160; School Dist. of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) ("[i]gnorance of the law is not enough to invoke equitable tolling"), and "[m]ere excusable neglect is not sufficient," see Miller, 145 F.3d at 618-19.

In this case, petitioner fails to allege circumstances which **prevented** him in some

**extraordinary** way from filing his federal habeas petition earlier.  See Robinson v. Johnson, 313

F.3d 128, 143 (3d Cir. 2002) (quoting Jones, 195 F.3d at 159), cert. denied, 540 U.S. 826 (2003);

see also Brown, 322 F.3d at 774; Lee v. United States, 2005 WL 1949441, *5 (E.D. Pa. 2005)

(citing United States v. Bruce, 2002 WL 31757938, *1 (D. Del. Nov. 26, 2002)) ("A statute of

limitations should only be tolled in rare situations."); United States v. Ramsey, 1999 WL 718079,

*2 (E.D. Pa. Aug. 26, 1999); Davis v. Artuz, 2001 WL 199454, *3 (S.D. N.Y. Feb. 28, 2001)

("the petitioner must show that circumstances actually impeded the ability to file a timely

petition").  To the extent petitioner alleges a delay in obtaining certain court records during his

appeal in the Superior Court, see Hab. Pet. (Doc. 8) ¶ 18, for reasons explained above, the

limitations period was already being tolled at that time due to the pending appeal related to his

first PCRA petition.  Therefore, even assuming arguendo a delay in court records was somehow a

tolling event, that would not **extend** the time petitioner had to file his federal habeas petition.

Petitioner also alleges that he "incurred psychological and emotional complications"

requiring treatment while his appeal was pending in the Superior Court, see Hab. Pet. (Doc. 8) ¶

18, and he has claimed that, as a result, he did not "learn[] of [the Superior] Court's dismissal of

his [first] PCRA appeal [until] November 13, 2007," see Pa. Super. Ct. Op. 9/10/10, at 5 (citing

Petr.'s Br. at 8).  However, as the Superior Court pointed out, petitioner failed to file his second

(time-barred) PCRA petition until approximately **five months after** he claims to have become

aware of the Superior Court's decision, id. at 5.  In addition, in that he filed his second PCRA

petition on April 25, 2008, albeit in violation of the PCRA timeliness requirements, see Pa.

Super. Ct. Op. 9/10/10, at 2, he has failed to allege extraordinary circumstances which actually

impeded his ability to file his federal habeas petition earlier.

Moreover, **even if** Stratton had alleged extraordinary circumstances preventing him from asserting his rights, he fails to allege circumstances indicating that he exercised **reasonable diligence**.  See, e.g., Pace, 125 S. Ct. at 1815; LaCava, 398 F.3d at 275; Schlueter v. Varner, 384 F.3d 69, 78 (3d Cir. 2004), cert. denied, 544 U.S. 1037 (2005).  He did not file his federal habeas petition until November 16, 2011, see supra note 3, more than **four years** after he claimed he learned of the Superior Court's dismissal of his appeal related to his first PCRA petition, see Pa. Super. Ct. Op. 9/10/10, at 5 (citing Petr.'s Br. at 8).[4]

Finally, to the extent that Stratton alleges his actual innocence, his petition is still untimely.  Initially, "the Supreme Court has explained that to establish actual innocence, a petition must offer 'new reliable evidence . . . that was not presented at trial,' House v. Bell, 547 U.S. 518 (2006), and must demonstrate 'factual innocence, not mere legal insufficiency.'"  Profic v. Thompson, 2011 WL 5216547, *3 n.3 (E.D. Pa. Nov. 2, 2011) (citing Bousley v. United States, 523 U.S. 614, 623 (1998)).  In this case, Stratton has failed to show new reliable evidence demonstrating his factual innocence.  See, e.g., id.

Furthermore, our Court of Appeals has recently observed:

> While we have not decided whether a claim of actual innocence in
> a habeas petition may equitably toll the one-year statute of
> limitations under 28 U.S.C. § 2244(d), see McKeever v. Warden
> SCI-Graterford, 486 F.3d 81, 84 n.5 (3d Cir. 2007), even if we did
> recognize such a tolling exception, [petitioner] would still have the
> burden of demonstrating that he exercised **reasonable diligence** in
> bringing his claim.  Miller, 145 F.3d at 618-19.

---

4.  It is further noted that Stratton waited more than **three and a half (3 ½) years** after he filed his second PCRA petition, and **six months** after the Supreme Court of Pennsylvania denied allowance of appeal from the Superior Court's opinion finding the second PCRA petition untimely, see Commonwealth v. Stratton, A.2d 1193 (Pa. May 17, 2011) (table), before filing his § 2254 petition.

Reed v. Harlow, 2011 WL 4914869, *3 n.2 (3d Cir. Oct. 17, 2011) (emphasis added); see Profic,

2011 WL 5216547, at *3 n.3 (quoting Reed).  Here, as explained, Stratton has failed to make this

necessary showing.

Stratton has not alleged facts sufficient to show that "the 'sparing' doctrine of equitable

tolling" should be invoked in this case.  See Robinson v. Johnson, 313 F.3d 128, 143 (3d Cir.

2002) (quoting Jones, 195 F.3d at 159), cert. denied, 540 U.S. 826 (2003); see also Brown, 322

F.3d at 774.  Accordingly, since he failed to file his § 2254 petition within the 1-year period of

limitation, his petition should be dismissed as time-barred.  See Brown, 322 F.3d at 776; Miller,

145 F.3d at 617-18; Burns, 134 F.3d at 111.

Under § 2253(c)(1), "an appeal may not be taken to the court of appeals" from the final

order in a § 2254 proceeding unless a certificate of appealability ("COA") is issued.  28 U.S.C. §

2253(c)(1)(A).  When a federal court denies a habeas petition on procedural grounds without

reaching the underlying constitutional claims, a COA may not issue unless the petitioner

demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid

claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its

procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 123

S. Ct. 1029, 1046 (2003) (Scalia, J., concurring).

"Where a plain procedural bar is present and the district court is correct to invoke it to

dispose of the case, a reasonable jurist could not conclude either that the district court erred in

dismissing the petition or that the petitioner should be allowed to proceed further."  Slack, 529

U.S. at 484.  Here, for the reasons set forth above and in light of the aforementioned decisions

invoking the applicable period of limitation as a procedural bar, a reasonable jurist could not

conclude that the Court would be incorrect in dismissing the petition as time-barred.  See Slack,

529 U.S. at 484.  Accordingly, a COA should not issue.

My Recommendation follows.

## R E C O M M E N D A T I O N

**AND NOW**, this 31st day of January, 2012, upon consideration of the Petition for Writ of

Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and the District Attorney's Response to the

Habeas Petition, it is hereby **RECOMMENDED** that the habeas petition be **DISMISSED** as

time-barred and that a certificate of appealability should not issue.[5]

 

 

 

 

 

/s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE

---

5. Petitioner is advised that he may file objections to this Report and Recommendation.  See
Local R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate
rights.